OPINION
This action in mandamus is presently before this court for final consideration of the motion to dismiss of respondent, the State of Ohio. As the primary basis for the instant motion, respondent contends that the petition of relator, Timothy Sardich, is defective because he has failed to follow the necessary procedure for initiating a mandamus case. For the following reasons, this court concludes that the motion to dismiss has merit.
In maintaining the instant action, relator essentially seeks the issuance of an order which would require the trial court in an underlying criminal proceeding to mail him a copy of certain findings of fact and conclusions of law. In his mandamus petition, relator alleges that, in a judgment entry rendered in a separate pending matter before this court, we ordered the trial court to issue findings of facts and conclusions of law. Relator further asserts that, although the findings of facts and conclusions of law were ultimately issued, the trial court never sent a copy of this new entry to him at the state prison.
In the caption of his petition, relator merely refers to himself as the party who is requesting the issuance of the writ. In light of this, respondent argues that the petition is subject to dismissal because relator has failed to comply with the specific statutory requirements for stating a viable mandamus petition.
R.C. 2731.04 expressly provides that a petition in mandamus must be brought "in the name of the state on the relation of the person applying * * *." In interpreting this statute, this court has held that the filing of the petition in the name of the state is a mandatory requirement. Cunningham v. Costanzo (June 9, 2000), 11th Dist. No. 99-T-0176, 2000 Ohio App. LEXIS 2524. Based upon this, we have further held that the failure to maintain the action in the proper name is a sufficient basis, in and of itself, to dismiss the petition.Glavic v. Allen (July 31, 1998), 11th Dist. No. 98-L-085, 1998 Ohio App. LEXIS 3507.
In the instant case, our review of the mandamus petition readily shows that relator did not bring this action in the name of the state. Instead, the petition indicates that relator sought to maintain this action in his own name. Thus, because relator did not satisfy the requirements of R.C. 2731.04 in bringing this case, his petition is subject to dismissal on this basis alone.
As an aside, this court would note that if the trial judge in the underlying criminal case had failed to render the findings of fact and conclusions of law, he should have been named by relator as a respondent in this action. Similarly, if the trial judge issued the findings of fact and conclusions of law, but the clerk of courts failed to mail the entry to relator at the state prison, then the clerk should have been named as a respondent in relator's petition. Under the latter scenario, the clerk of courts would have been the proper party because a writ of mandamus will be issued only against the public official who has failed to perform a non-discretionary duty.
Although the caption of relator's petition refers to the "District Court" of Trumbull County, the record before this court demonstrates that relator did not take any steps to serve his mandamus petition upon the trial judge in the underlying criminal proceeding. Furthermore, the record establishes that relator did not attempt to serve the Trumbull County Clerk of Courts. Instead, relator's petition was served only upon the Trumbull County Prosecutor. Under these circumstances, even if relator could show that either the trial judge or the clerk of courts had failed to perform a specific legal duty, this court could not issue a writ of mandamus because we do not have personal jurisdiction over either of these parties. Thus, even if relator had met the "name" requirements for bringing a mandamus action, he still could not have prevailed in this action.
Pursuant to the foregoing analysis, this court concludes that relator's mandamus petition is not properly before us for consideration. Accordingly, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
FORD, P.J., NADER, GRENDELL, JJ., concur.